FILED

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

00 MAY 23 P

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| JAMES CARL MCDONALD, by and through his daughter and guardian/ conservator, Deborah Gulledge | } } } } | |
| Plaintiff, | } } | |
| v. | } } | CASE NO. CV 00-B-0323-NE |
| FLOYD E. "TUT" FANN STATE VETERANS HOME; DIVERSIFIED HEALTH SERVICES; DHS OF ALABAMA, L.L.C.; SERVICEMASTER DIVERSIFIED HEALTH SERVICE, L.P.; REBECCA GAY LANE; HOWARD MCGEE; HELEN HAMMOND; SUSAN STEWART; E. BEACK, | } } } } } } } } } } | |
| Defendants. | } | |

ENTERED
MAY 23 2000

### MEMORANDUM OPINION

Currently before the court is the plaintiff's Motion to Remand this action to state court. Plaintiff filed his Complaint in state court in Madison County, Alabama. Defendants removed the case to this court on the ground that the court had subject matter jurisdiction based on diversity of citizenship between the parties.

Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that the Motion to Remand is due to be granted.

### DISCUSSION

Plaintiff moves to remand on the ground that this court lacks subject matter jurisdiction because complete diversity between the parties does not exist. Plaintiff notes that defendant Helen Hammond is a citizen of Alabama and plaintiff is a citizen of Alabama. Therefore,

1

13

according to plaintiff, diversity of citizenship does not exist. Defendants argue that Hammond was fraudulently joined to defeat diversity jurisdiction and, therefore, should not be considered for purposes of determining diversity.

Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity. Joinder has been deemed to be fraudulent in two situations: 1) when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant, and 2) when there is outright fraud in the plaintiff's pleading of jurisdictional facts. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court." *Id.* (quoting *Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440 (11th Cir. 1983). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." *Id.* The burden is on the defendants as the removing parties to prove that there is no possibility plaintiff can establish any cause of action against defendant Hammond.

Defendants argue that Hammond is due to be dismissed because the Complaint fails to state a claim upon which relief can be granted. Specifically, defendants argue that plaintiff's Complaint does not allege the claimed acts of medical malpractice or medical negligence with the specificity required by Alabama Code § 6-5-551 (1975). Without deciding this issue, the court is of the opinion that there is a possibility that plaintiff could establish a cause of action against Hammond, a non-diverse defendant, under the allegations in the Complaint at the time of removal. In concluding that there is a *possibility* that plaintiff can establish a cause of action

2

against Hammond, the non-diverse defendant, the court is **not** saying that Hammond's Motion to Dismiss should be denied. Whether the allegations in the Complaint against defendant Hammond should be dismissed for failure to comply with Alabama Code § 6-5-551, is a matter for the state court judge to decide on remand.[1]

Because the court finds that defendant Hammond was not fraudulently joined, complete diversity among the parties is lacking and this court lacks subject matter jurisdiction. Therefore, plaintiff's Motion to Remand is due to be granted. An Order granting plaintiff's Motion to Remand will be entered contemporaneously with this Opinion.

**DONE** this 23rd of May, 2000.

SHARON LOVELACE BLACKBURN
United States District Judge

---

[1] The Motion to Dismiss of defendants DHS of Alabama, L.L.C. and Servicemaster Diversified Health Service, L.P. also remains pending.

3